————————o————————

No. 6925.

## EDDIE DEJAN v. LEO UJFFY.

### Syllabus.

The last clause of the third paragraph of Section 1 of Act 20 of 1914 (Employer's Liability Act) robs the whole paragraph of its original meaning; but the clause must be given effect, and accordingly no Court can by its judgment enlarge the list of occupations declared hazardous by the Act, so as to bring within the operation of the Act claims arising before the submission of the question to the Court.

Appeal from the Civil District Court, Parish of Orleans, No. 116,239, Division "A"; Honorable T. C. W. Ellis, Judge. Affirmed.

Feitel & Feitel, for plaintiff and appellant.

John J. Reilly, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Defendant is engaged in the business of buying and selling, in wholesale quantities, fruit, produce and vegetables, and plaintiff was in his employ as driver of a freight and delivery wagon with mule attached.

Whilst in the discharge of his duties, and without wilful misconduct on his part, plaintiff was seriously injured, and brings this suit for compensation under the terms of the Employers' Liability Act (No. 20 of 1914).

230

It is not seriously disputed that plaintiff's occupation is in its nature more or less hazardous, and because of the contention made by plaintiff and hereinafter mentioned, it may be stated that such occupation takes him in and around railroad depots and terminals for the purpose of receiving and delivering freight for his employer.

The question therefore arises, whether the relations between plaintiff and defendant come within the terms of the Employer's Liability Act.

Now, defendant's business of wholesale merchant, and plaintiff's occupation of driving a freight and delivery wagon, are not specially mentioned in the act as occupations declared hazardous, and necessarily within the terms of the act. And it is not claimed that the parties have **agreed** that their relations should come within its provisions.

But the contention is made that, owing to plaintiff's being obliged to go in and around railroad depots and terminals, his occupation is therefore "incidental to the business of operating a railroad", and brings him within the act.

We cannot accept this contention as well founded.

The words of the statute are that it applies only to

"Every person performing services arising out of or incidental to his employment in the course of his employer's trade, business or occupation in the following hazardous trades, business and occupations."

And we cannot conceive that one whose employment by a third person takes him in and around the depots and terminals of a railroad for the purpose of receiving and delivering freight for such third person, can be said to be

231

incidentally or otherwise employed in **operating** a railroad.

It is claimed, however, that under the third paragraph of the second section, any hazardous occupation, though not specially mentioned, comes within the terms of the act.

We cannot accede to this contention. The paragraph must be read as a whole.

It provides that the parties may agree whether the occupation be hazardous, or may submit it to a species of judicial arbitration, which arbitration, however, shall not be retroactive.

If the meaning of this paragraph be that the question whether the occupation is hazardous, shall at all times be a matter for judicial ascertainment, whether before or after a claim arises between the parties, then the concluding provision, that the decision on that head shall not be retroactive, is totally inoperative. And, of course, by every rule of interpretation we are obliged to give effect to this clause which is perfectly clear and unambiguous.

We do not overlook the fact that this clause added to Section 3, gives that section the same meaning as that conveyed by Section 4, and without that last clause it might be that the section would have to be interpreted as contended for by plaintiff; but the clause has been inserted, and we have nothing to do but to give it effect.

The judgment appealed from is correct.

Judgment affirmed.

Opinion and decree, February 5th, 1917.

Rehearing refused, March 19th, 1917.

Writ denied, May 2nd, 1917.